TRUSTEES OF THE GERMAN LUTHERAN EVANGELICAL CONCORDIA CHURCH,

*vs.*

JOHN W. EBBINGHAUS, Trustee.

{ Decided April 24, 1884.
{ The CHIEF JUSTICE and Justices MAC ARTHUR and Cox sitting.

EQUITY. No. 5688.

The German Evangelical Concordia Church were dispossessed of property under a decree and writ of assistance of this court. An appeal was taken to the Supreme Court of the United States, where the decree was reversed. The mandate directed to this court described the appellants as the German *Lutheran* Evangelical Concordia Church, and under this title they applied to this court for a writ of restitution to restore them the possession. *Held*, That the record showed no such party to the suit, and that the writ must be refused; but it *seems* that if the petitioner had shown itself to be the successor to the German Evangelical Concordia Church, the writ would have issued.

THE CASE is stated in the opinion.

HENRY WISE GARNETT and CONWAY ROBINSON for complainants.

F. P. CUPPY and P. E. DYE for defendant.

Mr. Justice MAC ARTHUR delivered the opinion of the court.

In the case of the Trustees of the German Evangelical Concordia Church, appellants, *vs.* John W. Ebbinghaus, trustee, the bill was dismissed at the special term. That decree was reversed in the General Term, and an appeal from the decree of the General Term was carried to the Supreme Court of the United States. It appears that this court issued a writ of assistance, putting Ebbinghaus in possession of the lot, which is the subject of the suit. After he had been put into possession, the case was reversed in the Supreme Court, and this is an application for a writ of restitution to restore possession to the German *Lutheran* Evangelical Concordia Church, who complain that they were the parties that had been dispossessed by the writ of assistance.

We have come to the conclusion that this church was not a party to the record, and for that reason the motion must be denied. The case was argued quite elaborately, and per-

haps it would be unfair to the counsel as well as to the case to dismiss it simply without intimating our views with reference to the legal principle involved, so that the parties may know how to guide their future conduct for the purpose of enforcing what they claim to be their rights to the premises.

The complainant, Ebbinghaus, filed a bill claiming to have a legal title to this lot of land, designated as number nine, in square eighty. He says that it was donated by Jacob Funk, in the latter part of the last century, for the use of the German Calvinist Society. He claims to be the trustee, having succeeded to the original trustee by a decree of the court appointing him for that purpose. He makes two religious societies defendants in his suit, and he alleges that both claim to be the legal beneficiaries in this trust. One of these societies is the First Reformed Church. The First Reformed Church is declared to be the legal successor to the German Calvinist Society. So that we may dismiss the latter society, as such, for the time being, and consider the real defendant as substituted for them, the First Reformed Church.

The other religious society named in the bill, is the German Evangelical Concordia Church. Those are the two defendants, and Ebbinghaus claims the possession of the lot, and that these two societies should interplead. He avers, however, that the German Evangelical Concordia Church has been in possession, receiving rents and profits, and that the First Reformed Church he expects will bring a suit against him. So he prays for an injunction and an account. The bill was treated in the first instance as beyond the jurisdiction of an equity court, and dismissed. It was treated in the general term as a bill in the nature of a bill of interpleader, and Ebbinghaus was declared entitled to the possession of the lot and the German Evangelical Concordia Church was decreed to account. It was after that that the writ of assistance issued to put Ebbinghaus in possession.

It is essential in the first place that we should determine who took the appeal to the Supreme Court of the United

States. And we premise that by saying that there is nothing in this record at all to show that any other society was ever made a party to the suit. There is no suggestion on the record; no party ever made an application to be introduced into it; and no party was ever made, formally, a party to the record except the parties named in the bill originally. The trustees of the defendant, the *German Evangelical Concordia Church*, were Killian, Schenk and Schneider, and the entry which we find immediately after the decree of the general term reads "And from this decree, the defendants, Killian, Schenk and Schneider, trustees, etc., pray an appeal to the Supreme Court of the United States." So that the case was absolutely carried by an appeal into the Supreme Court by the trustees of one of the defendant societies, and the proceeding was all regular down to that point.

Now the mandate comes back reversing this decree. It begins by a recital: "Whereas lately in the Supreme Court of the District of Columbia, and before you or some of you, in the case between John W. Ebbinghaus, Trustee, complainant, and John G. Killian *et al.*, Trustees of the *German Lutheran Evangelical Concordia Church*, and August Seivers *et al.* who were the trustees of the First Reformed Church," etc. Well, there was no such party in this record as the German *Lutheran* Evangelical Concordia Church. The decree of the Supreme Court is not in favor of the trustees of the German Evangelical Concordia Church, who were parties to the suit, but of a society who was not a party to the suit.

The counsel who presented this motion finds a reason for saying that the Lutheran Church was really a party to the suit from a statement made in the decree of the General Term, which reads as follows: "And this court being of the opinion that the said John W. Ebbinghaus, as trustee under the appointment of this court to have and possess the said lot nine in square eighty, for and on behalf of the trustees of the First Reformed Church of the city of Washington, and that the said Ebbinghaus, as said trustee, is enti-

tled to have an account of the rents and profits, etc., (describing it) of the Concordia Church building whether received by said trustees or authorities under the name of the German Evangelical Concordia Church, or as the trustees of the German Lutheran Evangelical Concordia Church."

How this name Lutheran got sifted into this decree is unexplained. We have gone through the testimony very carefully to see if there was any explanation about it, and there is none, or that the trustees of the Evangelical church, were ever recognized as the trustees of the Lutheran Church. So that there is evidently a mistake; upon the cover of the transcript of the record which went up, the complainant is called the German *Lutheran* Evangelical Concordia Church, so that the Supreme Court was probably misled by the title page of the book.

Although we deny the motion, we take occasion to affirm strongly the right of this court, upon the coming back of a reversed decree from the Supreme Court, to restore a party to the possession of real estate whom we have dispossessed under our erroneous decree. And I do not know but in this case if the motion were accompanied with an application setting forth that the Lutheran Church was the legal successor to the Evangelical Church, and had succeeded to all their rights of property, etc., that we might put it back; but the motion is simply to put the Lutheran Church in possession without any explanation of its right to its possession. We therefore think it would be impossible for us to grant this writ without making a new decree, without a single particle of testimony before us to show that they are entitled to it. We think the motion on every consideration must be denied, but without prejudice. It strikes me that the proper course would be to give the Supreme Court itself, where this error commenced, an opportunity to correct it and then the proceedings would follow on regularly, and if these parties are the successors of the Evangelical Church to the rights of property, they would be entitled to be put into possession, and not otherwise.

Mr. Justice Cox said:

I only wish to observe in this case that I am perfectly satisfied that all the parties who were ejected under the process of this court are entitled to a writ of restitution. The only difficulty I have is that the papers do not show the moving party here to be identical with that party. I think that the applicant should file a petition setting forth the fact that pending this suit the parties named in the original suit as defendants were incorporated under this new title and the parties having this new title succeeded to their rights. Upon such a petition verified it would be our duty to issue a writ of restitution. I am not prepared to say anything about the proceedings of the Supreme Court. It may be right enough, but I think the other remedy is open to the parties.